United States District Court
Southern District of Texas

**ENTERED**

August 30, 2016

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JORGE  GARCIA SR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:15-CV-332 |
| | § | |
| MCALLEN INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## OPINION & ORDER

Pending before the Court are cross motions for summary judgment. This Court ordered the parties to file motions for summary judgment by January 8, 2016.[1] On January 4, 2016, Jorge Garcia, Senior ("J.G. Senior"), as next friend of Jorge Garcia, Junior ("Junior" or alternatively "Plaintiff"), filed an unopposed motion for extension of time to file his motion for summary judgment.[2] On January 8, 2016, McAllen Independent School District ("McAllen ISD") filed its timely motion for summary judgment.[3] Plaintiff filed his motion for summary judgment on January 11, 2016,[4] simultaneous with an unopposed motion for leave to file his untimely motion for summary judgment.[5] Two days later, on January 13, 2016, Plaintiff filed an opposed

---

[1] Dkt. No. 12.
[2] Dkt. No. 13.
[3] Dkt. No. 14. The Court notes that McAllen ISD failed to comply with the Federal Rules of Civil Procedure with regard to its motion for summary judgment. Rule 7(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers." Rule 10(b) in turn provides that "[a] party must state its claims or defenses *in numbered paragraphs*, each limited as far as practicable to a single set of circumstances." McAllen ISD's motion for summary judgment lacks numbered paragraphs, hindering the Court's reference to its arguments. McAllen ISD is cautioned that future submissions should consistently number each paragraph to properly comply with the Rules. The Court notes that its response consistently numbered each paragraph. *See* Dkt. No. 19.
[4] Dkt. No. 17.
[5] Dkt. No. 16.

amended motion for leave to file his untimely cross motion for summary judgment.[6] McAllen ISD filed a timely response to Plaintiff's motion for summary judgment.[7]

The motions are now ripe for decision. After considering the motions, response, submitted evidence, and applicable law, McAllen ISD's motion for summary judgment is **GRANTED**.

### I.   Motion for Leave for Extension of Time

First, the Court must address Plaintiff's motion for extension of time to file his motion for summary judgment.[8] The parties were each ordered to file motions for summary judgment by January 8, 2016.[9] Plaintiff filed his unopposed motion for an extension of time on January 4, 2016 and requested the Court to extend the deadline to January 22, 2016.[10] As cause for his request, Plaintiff's counsel explained he had a scheduling conflict due to his requirement to appear before the United States Court of Appeals for the Fifth Circuit in New Orleans, Louisiana on January 7, 2016 and January 8, 2016.[11]

Under Federal Rule of Civil Procedure 6(b), the Court applies the "good cause" standard to motions for extensions of time made before the deadline for the relevant act, a standard lenient by comparison to the "excusable neglect" standard applied to such motions made after the deadline.  Because this request was made before the deadline, the Court evaluates the motion under a "good cause" standard.  Although the Court finds Plaintiff's explanation insufficient, the requested extension will not prejudice McAllen ISD, as it is unopposed, and Plaintiff filed his motion for summary judgment well before the requested date. Accordingly, the Court **GRANTS**

---

[6] Dkt. No. 18.
[7] Dkt. No. 19.
[8] Dkt. No. 13.
[9] Dkt. No. 12.
[10] Dkt. No. 13 at ¶ 11.
[11] *Id.* at ¶ 10.

the requested extension and considers Plaintiff's motion for summary judgment in its analysis. The Court **DENIES**, **AS MOOT**, Plaintiff's subsequent motion for leave to file his untimely motion for summary judgment.[12]

## II. Background and Procedural History

This case arises under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. § 1400 *et seq*. During the relevant times in this matter, Junior was a student who attended a middle school in McAllen ISD.[13] On February 20, 2014, Junior's parents requested McAllen ISD evaluate their child.[14] Upon evaluating Junior, McAllen ISD found him ineligible for special education classes.[15] This evaluation was examined by the Admission, Review and Dismissal ("ARD") committee, which agreed with the decision that Junior did not qualify for special education services.[16] At a March 31, 2014 ARD meeting, McAllen ISD informed Junior's parents it would pay for an Independent Education Evaluation ("IEE"), a practice in line with the district's IEE criteria.[17] Junior's parents "indicated that they did not want an IEE, but would obtain their own outside evaluation."[18]

The next fall, on October 25, 2014, Junior's parents filed a request for a special education due process hearing against McAllen ISD.[19] On February 4, 2015, the parties held an ARD to discuss the findings of the outside evaluator.[20] By that time, Junior had started to receive accommodations for ADHD under Section 504 of the Rehabilitation Act of 1973 ("504

---

[12] Dkt. No. 18.
[13] Dkt. No. 14, Exh. B (affidavit of Josie Reyes, McAllen ISD Special Education Coordinator).
[14] *Id*.
[15] *Id*.
[16] *Id*.
[17] *Id*.
[18] *Id*.
[19] *Id*. The case was set as *Jorge G. Jr., b/n/f Jorge G. v. McAllen Independent School District, Docket No. 063SE-1014*. The Court notes that in the proceeding before the Texas Education Agency, Plaintiff appeared as "Petitioner." *See* Dkt. No. 14, Exh. A1.
[20] *Id*.

accommodations").[21] McAllen ISD then placed Junior in special education for the upcoming school year "in an effort to accommodate the parents."[22]

On March 30, 2015, after months of mediation with McAllen ISD, Plaintiff filed with the Texas Education Agency a motion to dismiss the due process hearing with prejudice, and also requested the hearing officer grant him prevailing party status.[23] At a prehearing conference held April 7, 2015, the parties appeared before Texas Education Agency Hearing Officer Suzanne Marshall ("Hearing Officer Marshall") and "both parties agreed the case should be dismissed but that the issue of prevailing party status should be determined prior to the dismissal."[24] After reviewing the briefings filed by the parties, on May 4, 2015, Hearing Officer Marshall granted Plaintiff's motion to dismiss with prejudice due to the fact that Plaintiff's motion represented that both parties had settled all claims pertaining to the IDEA and denied Plaintiff's request for prevailing party status.[25]

Thereafter, on July 31, 2015, Plaintiff filed his complaint in this Court, by and through his next friend J.G. Senior, against McAllen ISD.[26] Plaintiff appeals Hearing Officer Marshall's denial of prevailing party status and asserts his right to attorney's fees.[27] McAllen ISD argues that summary judgment must be granted in its favor, as Plaintiff did not achieve prevailing party status under the IDEA.[28]

---

[21] *Id.*
[22] *Id.*
[23] Dkt. No. 14, Exh. A1 (May 4, 2015 order from Suzanne Marshall, Special Education Hearing Officer for the State of Texas dismissing Plaintiff's due process proceeding, but denying prevailing party status). *See also* Administrative Record, Volume I at pp. 141-146.
[24] *Id.*
[25] *Id.*
[26] *See* Dkt. No. 1.
[27] *Id.* at ¶ 33.
[28] Dkt. No. 14.

### III. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[29] A fact is "material" if its resolution could affect the outcome of the action,[30] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[31] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[32]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[33] In this showing, "bald assertions of ultimate fact" are insufficient.[34] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[35] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[36] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[37] This demonstration must specifically indicate facts and their significance,[38] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[39]

---

[29] FED. R. CIV. P. 56(a).

[30] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc*., 482 F.3d 408, 411 (5th Cir. 2007)(internal quotation marks and citation omitted).

[31] *Fordoche, Inc. v. Texaco, Inc*., 463 F.3d 388, 392 (5th Cir. 2006)(citation omitted).

[32] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[33] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[34] *Gossett v. Du-Ra-Kel Corp*., 569 F.2d 869, 872 (5th Cir. 1978)(citation omitted).

[35] *See Celotex Corp*., 477 U.S. at 323.

[36] *See id*. at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

[37] *See id*.

[38] *See Ragas v. Tenn. Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998).

[39] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash*., 276 F.3d 754, 759 (5th Cir. 2002)).

In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[40]  Thus, although the Court refrains from determinations of credibility and evidentiary weight, the Court nonetheless gives credence to all evidence favoring the non-movant; on the other hand, regarding evidence that favors the movant, the Court gives credence to evidence that is uncontradicted and unimpeachable, but disregards evidence the jury is not required to believe.[41]  Rather than combing through the record on its own, the Court looks to the motion for summary judgment and response to present the evidence for consideration.[42]  Parties may cite to any part of the record, or bring evidence in the motion and response.[43]  By either method, parties need not proffer evidence in a form admissible at trial,[44] but must proffer evidence substantively admissible at trial.[45]  However, allegations set out in pleadings are not evidence.[46]

> a.   *Summary Judgment Evidence*

In support of its motion for summary judgment, McAllen ISD submits affidavits from (1) Rosie Larson, McAllen ISD Special Education Director, and (2) Josie Reyes, McAllen ISD Special Education Coordinator, along with their supporting exhibits.[47] Finally, McAllen ISD also relies on a certified copy of the administrative record submitted by the Texas Education Agency.[48]

---

[40] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).
[41] *See id.*
[42] *See* FED.R.CIV. P. 56(e).
[43] *See* FED. R. CIV. P. 56(c).
[44] *See Celotex Corp.*, 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").
[45] *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) ("the evidence proffered by the plaintiff to satisfy his burden of proof must be competent and admissible at trial.").
[46] *Wallace v. Texas Tech Univ.,* 80 F.3d 1042, 1047 (5th Cir.1996) ("[P]leadings are not summary judgment evidence.").
[47] Dkt. No. 14, Exhs. A, A1, B
[48] Dkt. No. 15(letter from the Texas Education Agency, accompanied by an electronic copy of the certified administrative record). McAllen ISD's response refers to the administrative record and further notes it was unable to

McAllen ISD objects to Plaintiff's factual allegations because "they are facts represented from Plaintiff['s] administrative pleadings" and because they are "neither verified in any form nor are they an accurate statement of the facts."[49] Plaintiff relies on his administrative pleadings to assert the factual basis of his motion for summary judgment.[50] Indeed, as McAllen ISD notes, assertions made in pleadings are not proper summary judgment evidence. Accordingly, McAllen ISD's objection is **SUSTAINED**. Thus, the only summary evidence is that offered by McAllen ISD.

### IV. Analysis

To receive attorney's fees pursuant to the IDEA, a party must be a "prevailing party."[51] Under IDEA, a party cannot receive prevailing party status unless the following two conditions are met: (1) a remedy is achieved that alters the legal relationship between the parties and fosters IDEA's purposes; and 2) there exists "some judicial imprimatur on a material alteration of the legal relationship."[52] The Fifth Circuit observes that judicial imprimatur is "a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief."[53]

In his motion for summary judgment, Plaintiff conflates the requirement of a change in the legal relationship between the parties with the need to obtain judicial imprimatur.[54] According to Plaintiff, there was a change in the relationship because Junior went from being a "student receiving Section 504 service to a student receiving Special Education services under

---

rely on the administrative record in its motion for summary judgment as the Texas Education Agency did not submit the record to the Court until January 8, 2016. Dkt. No. 19 at ¶ 2.

[49] Dkt. No. 19 at ¶ 4.

[50] Dkt. No. 17 at ¶¶ 8-11 (citing Administrative Record Volume I at pp. 7-8; p. 173).

[51] 20 U.S.C.A. § 1415(i)(3)(B)(i)(West); *Ector County Indep. Sch. Dist. v. VB*, 420 Fed. Appx. 338, 342 (5th Cir. 2011).

[52] *Ector County Indep. Sch. Dist.,* 420 Fed. Appx. at 343 (citing *Gary G. v. El Paso Indep. Sch. Dist.*, 632 F.3d 201, 207 (5th Cir. 2011)).

[53] *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 422 (5th Cir. 2009)(citing *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603–04 (2001)).

[54] Dkt. No. 17 at ¶ 38.

[the] IDEA, thus satisfying criteria as a prevailing party under the IDEA."[55] Further, Plaintiff

relies on *Gary G. v. El Paso Indep. Sch. Dist.*[56] to argue:

> If a party would be justified in rejecting a settlement to seek attorneys fees, it only
> seems fair and equitable as intrinsic to IDEA, that a party could accept a
> settlement which would bring a student more immediate relief, and seek a
> prevailing party status from a Hearing Office, thus giving the legal imprimatur to
> seek attorneys fees. . . .[57]

In *Gary G.*, the Fifth Circuit held that a party who rejected a settlement offer and

obtained from an administrative hearing officer or the district court no more education benefit

than the settlement offered could still be a prevailing party.[58] In the instant matter, McAllen ISD

voluntarily placed Junior in special education "in an effort to accommodate the parents . . .

because the parents had concerns for the next school year when [Junior] would change

campuses."[59] There is no evidence of any change in status that alters the legal relationship

between the parties. Rather the evidence is that no hearing on the merits was ever held. While the

evidence does establish that the issue was resolved to the parents' satisfaction, there is no

evidence that any formal settlement was entered into.

Once McAllen ISD met the parents' concerns, Plaintiff then moved to dismiss the due

process proceeding, stating the parties "settled all claims and matters in controversy."[60] Hearing

Officer Marshall denied Plaintiff's request for prevailing party status "given the procedural

history of the case," noting the case had not "proceeded to a hearing on the merits."[61] As Hearing

Officer Marshall stated, "[t]he fact that the parties have resolved this matter is not, in and of

itself, a sufficient basis upon which to find that [Plaintiff] has prevailed for purpose of obtaining

---

[55] *Id.* at ¶ 3.
[56] 632 F.3d 201, 207 (5th Cir. 2011).
[57] Dkt. No. 17 at ¶ 42.
[58] *Gary G.*, 632 F.3d at 206.
[59] Dkt. No. 14, Exh. B.
[60] Dkt. No. 14, Exh. A1.
[61] *Id.*

a finding by this hearing officer that will serves as 'judicial imprimatur' for the purpose of attorney's fees."[62]

This matter was never tried before the hearing officer at the Texas Education Agency's due process hearing. There was no finding of fact or final decision rendered by Hearing Officer Marshall, outside of dismissing the proceeding pursuant to Plaintiff's request. In this case, there was no enforceable written settlement agreement executed though a resolution session or mediation.[63] Instead, "the parties resolved their issues through the [ARD] process. Accordingly, no judicial imprimatur took place warranting a determination that [Plaintiff] prevailed through the ARD process."[64] Indeed, after McAllen ISD agreed to place Junior in special education, Plaintiff moved to dismiss his due process hearing with prejudice.

*Gary G.* does not support Plaintiff's position because in *Gary G.* the parties litigated the issue at an administrative due process hearing, the hearing officer ruled on the merits and the district court determined the student was entitled to IDEA prevailing party status because the hearing officer "ordered relief materially changing the legal relationship" between the school district and the student.[65] Moreover, Plaintiff's reliance on *Buckhannon Bd. & Care, Inc. v. West Virginia Department of Health*[66] is misplaced. While Plaintiff correctly notes that prevailing party status requires "an enforceable 'alteration of the legal relationship of the parties,'"[67] in *Buckhannon*, the United States Supreme Court rejected the "catalyst theory" as a permissible basis for granting prevailing party status. The "catalyst theory" stands for the proposition that a plaintiff is the "prevailing party" if it achieves a desired result because their lawsuit brought

---

[62] *Id.*
[63] *See* 20 U.S.C.A. § 1415(f)(B)(iii)(West); 20 U.S.C.A. § 1415(e)(F)(West).
[64] Dkt. No. 19 at ¶ 9.
[65] *Gary G.*, 632 F.3d at 205 ("Gary G. is a prevailing party because he secured a procedural judgment and judicial imprimatur.")
[66] 532 U.S. 598 (2001); *see* Dkt. No. 1 at ¶ 33 and Dkt. No. 17 at ¶ 38 (incidentally, Plaintiff cites to concurring opinion but does not so indicate).
[67] Dkt. No. 17 at ¶ 38 (citing *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 622).

about a voluntary change in a defendant's conduct.[68] However, the Supreme Court noted "[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."[69] The Supreme Court re-affirmed that a prevailing party is one who has been awarded "some relief by the Court."[70] In this case, there has been no judgment on the merits, no court-ordered consent decree, or any other form of judicially sanctioned relief, thus there has been no judicial imprimatur.

Plaintiff has failed to raise a genuine issue of material fact to show that he is a prevailing party within the meaning of the IDEA. Thus, the Court **GRANTS** McAllen ISD's motion for summary judgment.

## V. Holding

For the foregoing reasons, the Court **GRANTS** McAllen ISD's motion for summary judgment. Accordingly, Plaintiff's claim is **DISMISSED WITH PREJUDICE** and the status conference set for September 13, 2016 is **CANCELLED**. A final judgement will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of August, 2016.

Micaela Alvarez
United States District Judge

---

[68] *Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 598.
[69] *Id.* at 598–99.
[70] *Id.* at 603.